**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2301-16T1

CITIMORTGAGE, INC.,

    Plaintiff-Respondent,

v.

NUREDDIN DEMIRCAN and SUZAN
DEMIRCAN,

    Defendants-Appellants.

_____

        Submitted March 7, 2018 — Decided August 31, 2018

        Before Judges Nugent and Geiger.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Passaic County, Docket No.
        F-032822-09.

        Nureddin Demircan and Suzan Demircan,
        appellants pro se.

        Phelan Hallinan Diamond & Jones, PC, attorneys
        for respondent (Sonya G. Chazin, on the
        brief).

PER CURIAM

Defendants, Suzan Demircan and Nureddin Demircan, appeal from the December 29, 2016 final judgment in this foreclosure action. For the reasons that follow, we affirm.

This action's procedural history began more than nine years ago, on June 23, 2009, when plaintiff, Citimortgage, Inc., filed a foreclosure complaint. According to the complaint, on April 19, 2000, defendants executed a note evidencing a loan of $143,605.92 payable in monthly installments of $1758.50 through April 24, 2030. Defendants secured the note with a non-purchase money mortgage on property they owned in Patterson. The mortgage was duly recorded. Defendants defaulted on the note on May 22, 2008.

On August 27, 2010, plaintiff filed an amended complaint. The amended complaint alleged the mortgage was modified on January 2, 2007. The unpaid principal balance, maturity date, and interest rate were also modified. The amended complaint repeated the allegation that defendants defaulted on May 22, 2008.

On January 5, 2011, defendants defaulted for failure to plead or otherwise defend. A default judgment was entered. In August 2011, defendants moved to vacate the default judgment and for summary judgment. Defendants alleged, among other things, that during a "trial modification" they made three payments to plaintiff. They claimed that under the terms of the modification agreement, the mortgage foreclosure action should have been

dismissed. On September 26, 2012, the court granted defendants' motion in part, vacated the default judgment, and denied defendants' motion for summary judgment.

The record is unclear as to exactly what transpired after the court entered the order vacating the default judgment in September 2012. It appears that in 2013, defendants filed a bankruptcy petition. The petition was dismissed on March 24, 2014.

In May 2014, plaintiff sent defendants a "Notice of Intention to Foreclose" (NOI). Four months later, defendants filed a bankruptcy petition and in March 2015, plaintiff obtained an order in the bankruptcy proceedings relieving it from the automatic stay and authorizing it to proceed with the foreclosure.

Apparently plaintiff had not filed an appropriate NOI, so in June 2015, it filed a motion to allow service of a remedial NOI. On August 2015, the parties appeared in court to argue the motion. When questioned as to whether he filed an answer after the default judgment was vacated three years earlier, defense counsel first said he filed an answer, then admitted he did not have his entire file with him to produce a copy of the answer. The court gave defendants one week to show they had filed an answer. Absent such a showing, the court would permit plaintiffs to proceed with the foreclosure as an uncontested matter.

Defendants provided no proof that they filed an answer. Accordingly, the court entered an order that plaintiff could proceed with the foreclosure action as uncontested. A final foreclosure judgment was entered on December 29, 2016.

On appeal, defendants raise two issues:

> Point I    The Court erred in not providing [a]ny findings of fact or conclusions [o]f law as required by R. 1:6-2(f) [a]nd R. 1:7-4(1)

> Point II   The Court erred in not applying [t]he [l]aw of the [c]ase [d]octrine

Defendants' arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-2301-16T1